# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**COMMODITY FUTURES TRADING COMMISSION,**

      **Plaintiff,**

-vs-                Case No. 6:11-cv-1584-Orl-31DAB

**ALPHA TRADE GROUP, S.A.; JOSE CECILIO MARTINEZ BELTRAN; WELINTON BAUTISTA CASTILLO; MARIA ALVAREZ GUTIERREZ; YEHODIZ PADUA VALENTIN; MARIA ASELA RODRIGUEZ; AND FRANCISCO AMAURY SUERO MATOS,**

      **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**  **MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR DEFAULT JUDGMENTS (Doc. No. 45)**
>
> **FILED:**   **March 30, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part, as moot.

> **MOTION:**  **MOTION FOR LEAVE TO FILE EXCESS PAGES (Doc. No. 46)**
>
> **FILED:**   **April 4, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

> **MOTION:** MOTION FOR ENTRY OF DEFAULT JUDGMENTS AND PERMANENT INJUNCTION, WITH CERTAIN RELIEF RESERVED (Doc. No. 47)
>
> **FILED:** April 6, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

On September 27, 2011, Plaintiff filed a seven-count Complaint for Permanent Injunction, Civil Monetary Penalties and Other Equitable Relief, charging the seven Defendants with violations of certain of the anti-fraud provisions of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 1 et seq. (2006), and the Act as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), § 13102, 122 Stat. 1651 (enacted June 18, 2008), 7 U.S.C. §§ 1 et seq. (Supp. Ill 2009), and Commission Regulations ("Regulations"), 17 C.F.R. §§ 1 et seq. (2011) (Doc. No. 1). The Complaint alleges that the defendants, collectively, fraudulently solicited approximately $1.7 million from pool participants. Six of the seven defendants have been served with the summonses and Complaint; three have filed answers (Rodriguez, Gutierrez, and Padua); three have failed to file an answer or other responsive pleading (ATG, Martinez and Bautista), and one has not yet been served (Suero). Upon motion, the Clerk entered default against ATG and Martinez on November 3, 2011 (Doc. No. 26), and on Bautista on December 7, 2011 (Doc. No. 36).

On March 19, 2012, the District Court issued an Order to Show Cause why the complaint should not be dismissed for failure to timely seek default judgment pursuant to local rule (Doc. No. 41). Plaintiff's response to the show cause Order (Doc. No. 44) and the above motions promptly followed. As set forth by Plaintiff:

> Beginning in November 2011, the Commission began researching and devising a Motion for Default Judgments against ATG, Martinez and Bautista. Counsel

determined, however, that while resolution of the liability portion of the requests for default judgment will be based upon the well-pleaded allegations in the Complaint alone, the appropriate amount of restitution, disgorgement and civil monetary penalty attributable to each Defaulting Defendant, and consequently the Answering Defendants, can only be accurately and fairly determined following completion of discovery with the remaining defendants.

(Doc. No. 44).

Plaintiff contends that "where, as here, the Commission is faced with multiple defendants, some whom have chosen by virtue of their answers to proceed with the adversarial process and with whom the Commission presently is in the midst of discovery, and some whom have chosen not to answer or otherwise defend, the Commission still must complete the process of properly and fairly calculating and apportioning the exact amount of restitution, disgorgement and/or civil monetary penalty that should be imposed as to each defendant." *Id.* Thus, although Plaintiff has moved for entry of default judgment, it seeks only a *partial* judgment, as to liability only. The Court agrees with Plaintiff that entry of a default final judgment against the defaulting defendants would be inappropriate at this time.[1]

As discovery is well underway against the co-defendants and trial is set for December, it is **respectfully recommended** that the show cause Order be discharged; the motion for entry of default judgments be **denied, without prejudice** to renewal following determination of liability of all parties at trial or otherwise; the motion for extension of time to file the motion for default judgments be **granted, in part, and denied, in part** accordingly, and the motion for leave to file excess pages be **denied,** as moot. The claims against the Defaulted Defendants should be carried with the case for resolution at the appropriate time.

---

[1] Although Plaintiff, in response to the show cause order, has moved for default judgment solely as to liability, with the other issues "reserved", the court sees no advantage to proceeding in this piecemeal fashion. Federal Rule 54(b) provides, in pertinent part: "When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Here, there is ample reason to postpone entry of judgment, pending conclusion of the proceedings against the co-defendants.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 11, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy