**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**COMMODITY FUTURES TRADING COMMISSION,**

        **Plaintiff,**

-vs-                                            Case No. 6:11-cv-1584-Orl-31DAB

**ALPHA TRADE GROUP, S.A.; JOSE CECILIO MARTINEZ BELTRAN; WELINTON BAUTISTA CASTILLO; MARIA ALVAREZ GUTIERREZ; YEHODIZ PADUA VALENTIN; MARIA ASELA RODRIGUEZ; AND FRANCISCO AMAURY SUERO MATOS,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S SECOND MOTION FOR SANCTIONS AGAINST DEFENDANTS GUTIERREZ AND RODRIGUEZ (Doc. No. 65)**
>
> **FILED:** July 16, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff moves, pursuant to Rule 37(b)(2) and (d) of the Federal Rules of Civil Procedure, for an order of sanctions against Defendants Maria Alvarez Gutierrez and Maria Asela Rodriguez ("these Defendants"), based on an alleged continued failure to comply with Fed. R. Civ. P. 34 and Orders issued by this Court. No response has been filed to the motion. Upon review, the Court finds that

these Defendants have not complied with their discovery obligations nor the Orders of this Court, and sanctions are warranted.

*Background*

On September 27, 2011, Plaintiff filed a seven-count Complaint for Permanent Injunction, Civil Monetary Penalties and Other Equitable Relief against seven defendants (Doc. No. 1). Defendants Gutierrez and Rodriguez are named as defendants in two counts of the Complaint. They appeared through counsel, and answered the Complaint (Doc. Nos. 19, 20). Shortly thereafter, on November 28, 2011, the Court issued an Order to Show Cause why sanctions should not be imposed against these Defendants for failure to respond to the Interested Persons Order (Doc. No. 28). No response to the show cause Order was filed, but counsel subsequently complied with the requirements of the Interested Persons Order (Doc. Nos. 30, 31).

On February 9, 2012, Plaintiff filed a Motion to Compel Production of Defendants Gutierrez's and Rodriguez's Initial Disclosures (" the First Motion to Compel") (Doc. No. 39). The motion noted that the disclosures had not been produced as of that date despite the Commission's repeated reminders to Gutierrez's and Rodriguez's counsel of the late filings, and repeated demands that these Defendants cure the deficiencies. No response to the First Motion to Compel was filed. On February 27, 2012, the Court granted the motion, finding the non-compliance to be a violation of Rule 26(a)(1)(A), Federal Rules of Civil Procedure, and the Case Management and Scheduling Order, and ordered Gutierrez and Rodriguez to serve their initial disclosures "within three business days of the date of this Order" (Doc. No. 40). The Court noted that these Defendants "are cautioned that failure to timely comply with the terms of this Order may result in the imposition of sanctions." *Id.* Despite being ordered to serve the initial disclosures by March 2, 2012, Gutierrez and Rodriguez served their disclosures on March 28, 2012 (Doc. Nos. 42, 43).

On February 17, 2012, Plaintiff served Gutierrez and Rodriguez with Plaintiff's First Request for Production of Documents ("Requests for Production") (Doc. No. 52, ¶ 4). Gutierrez and Rodriguez failed to respond or produce the requested documents by the response date of March 19, 2012 (Doc. No. 58, ¶7). On April 12, 2012, following unsuccessful attempts to obtain the documents through communication with defense counsel, Plaintiff filed a motion to compel these Defendants to produce the documents sought in the Requests for Production ("the Second Motion to Compel") (Doc. No. 52). Plaintiff noted in the Second Motion to Compel, that "due to the delay in document productions, the depositions of Gutierrez and Rodriquez originally scheduled for April 11 and 12, respectively," were "rescheduled for April 23 and 24." *(Id.*, ¶ 7.) These Defendants failed to file a response to the Second Motion to Compel.

Prior to any ruling on the motion, the depositions of these Defendants were held. According to Plaintiff (Doc. No. 58, n. 3), at deposition, Defendant Rodriguez produced certain tax records responsive to the Requests for Production, but otherwise failed to respond or object to the remainder of the Requests. Defendant Gutierrez produced no documents responsive to the Requests for Production and did not otherwise respond or object.

On May 1, 2012, this Court granted the Second Motion to Compel, and ordered these Defendants to respond to the discovery within five days (Doc. No. 54). In so doing, the Court again cautioned Defendants "that failure to timely comply with the terms of this Order may result in the imposition of sanctions." (*Id.*) Neither Gutierrez nor Rodriguez produced any discovery in response to the Requests for Production by May 7, 2012 as ordered (Doc. No. 58, ¶ ¶ 12, 14).

On May 26, 2012, Plaintiff filed a motion for sanctions ("the First Motion for Sanctions") (Doc. No. 57), and the Court scheduled it for hearing. These Defendants filed no response to that motion, but defense counsel attended the hearing (Doc. No. 65 at p. 14-24). On June 13, 2012, the

Court granted the First Motion for Sanctions, and ordered Defendants Gutierrez and Rodriguez to produce all responsive documents by June 18, 2012, or be barred from introducing as evidence any document not produced by that date (Doc. No. 62). The Court yet again warned that "failure to provide all responsive documents by this date may result in the imposition of further sanctions, including but not limited to the striking of pleadings and entry of a default." *Id.*

The instant motion ("the Second Motion for Sanctions") followed. Plaintiff advises that, despite the June 13th Order, "neither Gutierrez [n]or Rodriguez have responded and produced documents to date." (Doc. No. 65).

*Issues and Analysis*

Federal Rule 37(b)(2)(A) provides, in relevant part:

> If a party .. . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Pursuant to Rule 37, the Court has broad discretion to fashion appropriate sanctions for violation of discovery orders. *In re Seroquel Products Liability Litigation,* 244 F.R.D. 650, 656 (M.D. Fla. 2007). A default judgment against a defendant, like a dismissal with prejudice against a plaintiff, is a severe sanction that may be appropriate when the disobedient party has acted in bad faith and demonstrated a flagrant disregard for the court and the discovery process. *See Shortz v. City of Tuskegee, Ala.*, 352 F. App'x 355, 359 (11th Cir. 2009) (per curiam). Generally speaking, a Rule 37

default judgment or dismissal is not warranted for violations of orders caused by simple negligence or misunderstanding. *Equal Employment Opportunity Comm'n v. Troy State Univ.*, 693 F.2d 1353, 1357 (11th Cir. 1982). "When a party demonstrates a flagrant disregard for the court and the discovery process, however, dismissal is not an abuse of discretion." *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982). Moreover, while the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders, *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir.1988), "a default sanction may be proper even when not preceded by the imposition of lesser sanctions. When lesser sanctions would be ineffective, Rule 37 does not require the vain gesture of first imposing those ineffective lesser sanctions." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir. 1993).

Applied here, these Defendants have demonstrated a pattern of non-cooperation that has resulted in numerous delays and difficulties for the parties and the Court. They did not comply with the Interested Persons Order, necessitating an Order to Show Cause. They did not comply with initial disclosure obligations and the Court's Scheduling Order requirements, necessitating the First Motion to Compel. They did not respond to that motion, and did not timely comply with the Court's Order on that motion. They have failed to respond to Plaintiff's discovery requests; necessitating more motions and the rescheduling and continuation of depositions. They have failed to respond to both the Second Motion to Compel and the First Motion for Sanctions; and have continued their refusal to cooperate, despite *two* orders to do so. Such conduct in the face of repeated warnings that sanctions (including default) could result supports a conclusion that the failure of these Defendants to comply with discovery and the Orders of this Court was willful. *See Shortz*, 352 Fed. Appx. at 359 ("Because Shortz failed to enunciate any compelling reason for failing to comply with the court's repeated orders

to respond to the defendants' discovery requests, the district court correctly found that Shortz's failure to comply was a result of willfulness or bad faith."). As neither of these Defendants have filed a response to this motion, Plaintiff's assertions of bad faith and resulting prejudice are uncontested. A sanction is clearly warranted.

Plaintiff contends that the appropriate sanction at this point is to strike the Answer filed by these Defendants and enter a default, and the Court is compelled to agree. In so doing, the Court does not make this recommendation lightly. When contemplating dismissal or default, a district court must consider whether a less drastic but equally effective remedy could have been fashioned. *Aztec Steel Co., supra,* 691 F.2d at 481. Upon review of the above history, however, the Court is hard pressed to identify any lesser sanction that would be effective to secure compliance. These Defendants have repeatedly flouted the federal rules, the Case Management and Scheduling Order, and several Orders directing production of discovery. They have done so despite numerous warnings of consequences, in written Orders and by the Court at hearing.[1] Indeed, despite the seriousness of the relief sought here, neither Rodriguez nor Gutierrez have responded to this motion. Faced with the evidence of "flagrant disregard" of this Court's prior Orders, the Court has every reason to expect that an order of lesser sanctions would be similarly ignored. The Court finds that lesser sanctions will not suffice to remedy the prejudice established here.[2]

For the foregoing reasons, it is **respectfully recommended** that the motion be **granted,** the pleadings of Defendants Maria Alvarez Gutierrez and Maria Asela Rodriguez be **stricken,** and a **default** be entered against them.

---

[1] The Court raised the subject of a default at the sanctions hearing, noting that "if there are significant documents that have not been produced, [such] could be [the] subject for a motion for default." (Doc. No. 65 at p. 23; p. 19).

[2] Plaintiff contends that the failure to obtain the documents has unfairly delayed and hampered its discovery and trial preparation efforts.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 24, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy