UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

                    Plaintiff,

-vs-                                                    Case No.  6:11-cv-1584-Orl-31DAB

ALPHA TRADE GROUP, S.A.; JOSE
CECILIO MARTINEZ BELTRAN;
WELINTON BAUTISTA CASTILLO;
MARIA ALVAREZ GUTIERREZ;
YEHODIZ PADUA VALENTIN; MARIA
ASELA RODRIGUEZ; AND FRANCISCO
AMAURY SUERO MATOS,

                    Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motions filed

herein:

> **MOTION:     PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENTS AND FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTIES AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS ALPHA TRADE GROUP, S.A. A/K/A REVOLUTION NETWORK LTD., JOSE CECILIO MARTINEZ BELTRAN AND WELINTON BAUTISTA CASTILLO (Doc. No. 107)**
>
> **FILED:       February 1, 2013**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

> **MOTION:   PLAINTIFF'S MOTION FOR FINAL JUDGMENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B) AND FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTIES AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS ALPHA TRADE GROUP, S.A. A/K/A REVOLUTION NETWORK LTD., JOSE CECILIO MARTINEZ BELTRAN, WELINTON BAUTISTA CASTILLO, MARIA ALVAREZ GUTIERREZ, YEHODIZ PADUA VALENTIN, AND MARIA ASELA RODRIGUEZ (Doc. No. 108)**
>
> **FILED:        February 1, 2013**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

As set forth in detail in the motions, neither of which has drawn an objection or response from any other party, Plaintiff, the Commodity Futures Trading Commission ("CFTC" or "the Commission"), seeks judgment against Alpha Trade Group ("ATG"), Jose Cecilio Martinez Beltran ("Martinez"), Welinton Bautista Castillo ("Bautista) (hereinafter collectively referred to as the "Defaulting Defendants"), and against Maria Alvarez Gutierrez ("Gutierrez"), Maria Asela Rodriguez ("Rodriguez") and Yehodiz Padua Valentin ("Padua") (hereinafter collectively referred to as "Answering Defendants").

As summarized in a prior Order (Doc. 106), this is an enforcement action brought by the Commission pursuant to the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq.*, as amended, and the Regulations, 17 C.F.R. §§ 1.1 *et seq.*, that arises in connection with the operation of two commodity pools by ATG, Martinez, Bautista, Gutierrez, Padua, Rodriguez, and Francisco Amaury Suero Matos ("Suero"). Clerk's defaults have been entered against ATG, Martinez and Bautista (Docs. 26, 36). On September 12, 2012, the Court granted the Commission's Motion for Summary judgment against Gutierrez and Rodriguez (Docs. 66, 84), and judgment was entered (Doc. 85). With regard to Padua, the Court granted the Commission's August 2012 Motion for Partial Summary Judgment (Docs. 71, 81); and its Motion for judgment as a matter of law with respect to Count V (Docs. 91, 105), and

Plaintiff dismissed the control person claims pending against him (Doc. 96, Doc. 102).  On November 5, 2012, the Commission filed a Notice of Voluntarily Dismissal of Defendant Suero (Doc. 95), and on November 6, 2012, the Court dismissed the Commission's claims against Suero without prejudice (Doc. 97).  As all claims have been addressed, the instant motions seek entry of final judgment against the Answering Defendants and the Defaulting Defendants.  Upon review and absent any objection, it is **recommended** that the motions be granted.

### *Liability*

As set forth in the voluminous papers and as specifically summarized in the Proposed Order (Doc. 108-1), the merits of the claims against the Answering Defendants have already been adjudicated by the Court and liability has thus been established, save for the specific relief sought by the instant motion and addressed below.

As for the Defaulting Defendants, the effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).  A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  In addition to the Complaint, the Commission has filed supporting Declarations and exhibits (Doc. 107, pgs. 19-33) and has incorporated prior Declarations (Doc. 47-1 to 3).  The Court reviews the showing as to the Defaulting Defendants below.

### *The Allegations of the Complaint*

According to the well-pled allegations of the Complaint, the Defaulting Defendants, among others, violated the Commodity Exchange Act, as amended, and Commission Regulations. As summarized in the Complaint:

1. From at least April 2009 to December 2009 ("the Relevant Period"), Alpha Trade Group, S.A. a/kIa Revolution Network Ltd. (collectively "ATG"), an unregistered commodity pool operator ("CPO"), by and through its employees, agents, directors, and control persons, including Jose Cecilio Martinez Beltran ("Martinez"), Welinton Bautista Castillo ("Bautista'), Maria Alvarez Gutierrez ("Gutierrez"), Yehodiz Padua Valentin ("Padua"), Maria Asela Rodriguez ("Rodriguez") and Francisco Amaury Suero Matos ("Suero") (collectively "Defendants"), solicited and/or accepted at least $1.7 million from hundreds of U.S. residents in Florida, California, Puerto Rico and other states (the "pool participants") to invest in its associated pools, Orsa Investment Group, L.L.C. ("Orsa" or "the Orsa pool") and Online Marketing Solutions ("OMS" or "the OMS pool") that would trade foreign currency contracts ("forex") and commodity futures contracts ("futures"), among other investments.

2. On behalf of ATG, Martinez, Bautista, Padua and Suero solicited pool participants through face-to-face meetings, telephone calls, written correspondence or email communications, and/or ATG's websites to invest in the Orsa and/or OMS pools that would invest in the forex and futures markets by guaranteeing that pool participants' principal investments were risk-free, and would earn steady monthly returns - even as much 12.5% to 25.5% per month.

3. These guarantees were reinforced by certain Defendants: (1) preparing contracts for and/or sending promissory notes to certain pool participants guaranteeing monthly returns on the investment; (2) publishing account statements on ATG's websites that purported to display the promised monthly returns; and (3) commissioning an attorney to draft a letter to pool participants promising future monthly payments, when in fact none would be paid.

4. Unbeknownst to the pool participants, only approximately $57,500 of the funds invested in the Orsa and/or OMS pools was sent to a company called "Advanced Forex Systems" located in Anguilla. On information and belief, none of the funds invested in the Orsa and/or OMS pools were used to trade futures. Rather, the Defendants misappropriated, at least several hundred thousands of dollars of pool participant funds and used those funds for their own personal benefit, including financing international trips to Spain, Switzerland and Panama.

5. By virtue of this conduct and the further conduct described herein, Defendants have engaged, are engaging, or are about to engage in acts and practices in violations of certain anti-fraud provisions of the Commodity Exchange Act ("CEA" or "the Act"), 7 U.S.C. §§ 1 et seq. (2006); the Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act

of 2008 ("CRA")), § 13102, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 1 et seq. ("Act, as amended by the CRA"), to be codified at 7 U.S.C. §§ 1 et seq.; and Commission Regulations ("Regulations"), 17 C.F.R. §§ 1.1 et seq. (2011), promulgated thereunder.

(Doc. 1).

In addition to these well-pled allegations, the Complaint details the course of fraudulent conduct and registration violations against Defendants.  All of these allegations are further supported by the Declarations accompanying the motions, and the legal conclusions asserted are consistent with the rulings on the merits made by this Court with respect to the claims against the Answering Defendants.  As such, liability has been shown as to the Defaulting Defendants.

### Relief Sought

The papers filed seek various relief against the Defendants.  The Commission seeks to enjoin Defendants' unlawful acts and practices and to compel their compliance with the Act, as amended, and to further enjoin them from engaging in any activities related to foreign exchange and commodity futures.  The Complaint also seeks restitution for approximately 300 defrauded pool participants, disgorgement of the ill-gotten gains, the imposition of civil monetary penalties and other ancillary relief (Doc. 1- pp. 38-42).   The Court addresses each, in turn.

**Entry of A Permanent Injunction**–Section 6c of the Act, 7 U.S.C. § 13a-1(Supp. IV 2011), provides, in part, that "[u]pon a proper showing, a permanent or temporary injunction or restraining order shall be granted without bond."  A district court has broad discretion to fashion appropriate relief.  *CFTC v. Muller*, 570 F.2d 1296, 1300 (5th Cir. 1978) ("In actions for a statutory inunction, the agency need not prove irreparable injury or the inadequacy of other remedies as required in private injunctive suites. A *prima facie* case of illegality is sufficient.").  The Commission may obtain injunctive relief upon a showing that the  Act has been violated and that future violations are likely

unless enjoined. *CFTC v. Capital Blu Mgmt., LLC*, No. 6:09-cv-508-0rl-28DAB, 2011 WL 2357629,

*4 (M.D. Fla. June 9, 2011) (*citing CFTC v. Sidoti*, 178 F.3d 1132, 1137 (11th Cir. 1999)).

As set forth in great detail in the uncontested motions, and in the Declarations, supporting

papers and proposed Order, the Court finds that:

a.      ATG, Martinez, Bautista and Padua engaged in fraudulent sales solicitations and issued

false statements to pool participants in connection with futures and off-exchange forex trading, in

violation of Section 4b(a)(1)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(1)(A)-(C) (Supp. II  2009), and

4b(a)(2)(A)-(C) of the Act, 7 U.S.C. § 6b(a)(2)(A)-(C) (Supp. II 2009);

b.      ATG, Martinez, Bautista, Padua, Gutierrez and Rodriguez misappropriated pool

participants funds in connection with futures and off-exchange forex trading, in violation of Section

4b(a)(I)(A), (C) of the Act, 7 U.S.C. § 6b(a)(1 )(A), (C) (Supp. II 2009), and 4b(a)(2)(A), (C) of the

Act, 7 U.S.C. § 6b(a)(2)(A), (C) (Supp. II 2009);

c.      ATG, and Martinez and Bautista and Padua as APs[1] of ATG, engaged in commodity

pool fraud;

d.      ATG engaged in false and misleading advertising in violation of Regulation 4.41 (a),

17 C.F.R. § 4.41(a) (2011); and Martinez and Bautista are responsible for ATG's violations as ATG's

control persons pursuant to Section l3(b) of the Act, 7 U.S.C. § l3c(b) (2006);

e.      ATG, as a CPO, used the mails or instrumentalities of interstate commerce in

connection with a commodity pool while failing to register as a CPO, in violation of Section 4m(1)

of the Act, 7 U.S.C. § 6m(l) (2006); and Martinez and Bautista are responsible for ATG's failure to

register as ATG's control persons pursuant to Section l3(b) of the Act, 7 U.S.C. § l3c(b) (2006);

---

[1]"Associated Persons of CPO's, *see* 7 U.S.C. § 6o(1)(A)(B) (2006).

f.      Martinez, Bautista and Padua failed to register as APs of ATG, in violation of Section 4k(2) of the Act, 7 U.S.C. § 6k(2) (2006), and Regulation 3.12, 17 C.F.R. § 3.12 (2011); and

g.      ATG permitted Martinez, Bautista and Padua to remain associated with ATG notwithstanding that ATG knew that they were required to be registered as APs, and thus ATG also violated Section 4k(2) of the Act, 7 U.S.C. § 6k(2) (2006), and Regulation 3.12, 17 C.F.R. § 3.12 (2011).

Based on the foregoing, the Court further finds that unless restrained and enjoined by this Court, there is a reasonable likelihood that ATG, Martinez, Bautista, Padua, Gutierrez and Rodriguez will continue to engage in the acts and practices alleged detailed above and in similar acts and practices in violation of the Act and the Regulations.  The Court therefore concludes that the Injunctive Relief sought in the proposed Order is appropriate.

**Restitution and Disgorgement–**A district court has broad discretion in determining equitable remedies to be imposed upon a finding of violation of the Act, and included in that discretion is the power to grant restitution.  *CFTC v. Wilshire Inv. Mgmt. Corp.*, 531 F.3d 1339, 1344 (11th Cir. 2008).  The Eleventh Circuit "has repeatedly held that the equitable remedy of restitution under the [Act] 'does not take into consideration the plaintiffs losses[ ] but only focuses on the defendant's unjust enrichment.'"  *Capital Blu*, 2011 WL 2357629, *4 (*quoting Wilshire*, 531 F.3d at 1345).  Thus, the proper measurement is the amount the defendants wrongfully gained.  *Id.; accord CFTC v. Levy*, 541 F.3d 1102, 1113 (11th Cir. 2008) (noting that the defendant "can only be liable in restitution to the extent of his unjust enrichment").

Similarly, "[d]isgorgement is designed both to deprive a wrongdoer of his unjust emichrnent and to deter others from violating the securities laws." *SEC v. Reynolds*, No. 1:06-CV-1801-RWS, 2010 WL 3943729, *6 (N.D. Ga. Oct. 5, 2010). "The District Court has broad discretion not only in

determining whether or not to order disgorgement but also in calculating the amount to be disgorged." *Reynolds*, 2010 WL 3943729, *6 (*quoting SEC v. First Jersey Sec., Inc*., 101 F.3d 1450, 1474-75 (2d Cir.1996), *cert. denied,* 522 U.S. 812 (1997).) Where the fraud is pervasive, as shown here, the Court should order the wrongdoer to disgorge all profits stemming from the scheme. *Id., see also SEC v. Lauer*, No. 03-80612-CIV, 2008 WL 4372896, *25 (S.D. Fla. Sept. 24, 2010) (*citing CFTC v. British Am. Commodity Options Corp*., 788 F.2d 92,93-94 (2d Cir. 1986) *cert. denied*, 479 U.S. 853 (1986)).

Applied here, the Court finds the egregious nature of the fraud warrants a finding that Defendants are liable for restitution.  As set forth in the papers, Defendants ATG, Martinez and Bautista solicited and received $1,856,000 from customers, only returned $337,000 to the customers and $57,500 was traded and presumably lost. Accordingly, the Defaulting Defendants were enriched by the difference. The Court finds that ATG, Martinez and Bautista should be ordered to pay restitution, jointly and severally, in the amount of $1,461,500[2] (plus post-judgment interest); Gutierrez should be ordered to pay restitution in the amount of $82,750 and Rodriguez should be ordered to pay restitution in the amount of $49,079.37(both plus post-judgment interest),[3] and Padua should be ordered to pay restitution in the amount of $10,383.00 (plus post judgment interest).[4]

**Civil Monetary Penalty–**Section 6c( d)(l) of the Act, 7 U.S.C. § 13a-1(d)(1) (2006), provides that "the Commission may seek and the Court shall have jurisdiction to impose ... on any person found in the action to have committed any violation, a civil penalty in the amount of not more than the higher of $100,000 or triple the monetary gain to the person for each violation." 7 U.S.C. § 13a-1

---

[2]This is calculated as the net funds not returned to customers ($1,519,000) less amounts traded ($57,500) = $1,461,500.00.  *See* chart at Doc. 107, p. 9.

[3]These amounts were set forth in the Commission's motion for summary judgment against Gutierrez and Rodriguez, which was granted by the District Court (Docs. 66, 84- 85).

[4]As set forth in the papers, the Commission asserts that Padua testified in his deposition that he received $10,383.00 in checks drawn on accounts in the name of one of the commodity pools.  *See* Doc. 72, ¶¶ 91-95.

(d)(1) (2006). The Commission Regulations adjust the statutory civil monetary penalty of $100,000

for inflation. *See* 17 C.F.R. § 143.8 (2012). For the period at issue here, the statutory civil monetary

penalty is $140,000 per violation. *Id.* In addition, the Commission may allege multiple violations of

a single count. *Levy*, 541 F.3d at 1110-11; *see also Capital Blu*, 2011 WL 2357629, *7.

Because of the egregious nature of the Defendants' fraud, the Court finds imposition of a civil

penalty, as set forth in the Proposed Order, to be appropriate. With respect to the Defaulting

Defendants, the Court recommends:

  (1) ATG should pay a civil monetary penalty of $980,000;

  (2) Martinez should pay a civil monetary penalty of $980,000;

  (3) Bautista should pay a civil monetary penalty of $980,000.

As to each of these Defendants, this amount represents the maximum civil monetary penalty of

$140,000 for each of the seven counts for which they are found liable. *See* 17 C.F.R. § 143.8 (2011).

As for the other Defendants, the Court finds that:

  (4) Padua should pay a civil monetary penalty of $840,000. This amount represents the

maximum civil monetary penalty of $140,000 for each of the six counts that he was found liable for

(Counts I-V and VII) (Doc. Nos. 81 and 105.) *See* 17 C.F.R. § 143.8 (2011).

  (5) Gutierrez and Rodriguez should pay civil monetary penalties of triple the amount they

misappropriated. Accordingly, Gutierrez should pay a civil monetary penalty in the amount of $248,

250 and Rodriguez in the amount of $147,238.11. (*See* Doc. 66).

## *Conclusion*

For the reasons stated above and set forth in the papers, it is **respectfully recommended** that

the motions be **granted** and the Court enter judgment accordingly.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 26, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Any Unrepresented Party
Courtroom Deputy